UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>    v.<br><br>X. SHEEHAN, *et al.*,<br><br>        Defendants. | Case No.  2:23-cv-00235-JDP (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this section 1983 case against defendants for violating his First Amendment right to be free from retaliation for protected activity. ECF No. 1 at 4. He also asks leave to proceed *in forma pauperis*, ECF No. 2. After review of plaintiff's filing history, I find that he is a "three-striker" within the meaning of 28 U.S.C. § 1915(g) and can only proceed *in forma pauperis* if he is in imminent physical danger. His allegations do not indicate that he is, and so I recommend that his application be denied and that he be directed to tender the filing fee within twenty-one days of any order adopting these recommendations.

1    Under 28 U.S.C. § 1915(g), a prisoner plaintiff may not proceed in forma pauperis if he
2 has filed three or more cases that have been dismissed for failure to state a claim upon which
3 relief may be granted. Such "three-strikers" must pay the filing fee unless they allege that they are
4 in imminent physical danger.  I previously found plaintiff was a three-striker in *Trevino v. Burke*,
5 2:21-CV-01415-DJC-JDP.  There, I recommended that defendants' motion to revoke IFP be
6 granted based on plaintiff's litigative history. *Id.* at ECF No. 37.  I found that plaintiff accrued a
7 strike when he appealed to the Ninth Circuit in *Trevino v. Travers*, No. 02-15046 (9th Cir. 2002),
8 and his application to proceed in forma pauperis was denied because the appeal was not taken in
9 good faith.  The same happened in *Trevino v. Thomas*, No. 07-17171 (9th Cir. 2008).  Then, in
10 two Central District cases, *Trevino v. Engler, et al.*, No. 10-CV-00620 (C.D. Cal. 2010) and
11 *Trevino v. Spearman, et al.*, No. 10-CV-03637 (C.D. Cal. 2010), plaintiff's initial complaint was
12 dismissed for failure to state a claim, and he did not avail himself of the opportunity to amend.
13 These also amount to strikes. *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017).
14 Finally, I note that plaintiff accrued another strike in *Trevino v. Hiel*, 1:16-cv-01381-LJO-MJS at
15 ECF No. 7, when the action was dismissed for failure to state a claim.
16    Thus, plaintiff may only proceed if he is in imminent danger of physical harm.  His
17 allegations, however, relate to false disciplinary charges that he alleges were brought in retaliation
18 for his litigative activity.  ECF No. 1 at 7.  Accordingly, he does not meet the exception.
19    Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this
20 action.
21    Further, it is RECOMMENDED that plaintiff's application to proceed in forma pauperis,
22 ECF No. 2, be DENIED and he be directed to pay the full filing fee within twenty-one days of
23 any order adopting these recommendations.
24    These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
26 after being served with these findings and recommendations, any party may file written
27 objections with the court and serve a copy on all parties.  Such a document should be captioned
28 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  <u>July 17, 2023</u>

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE