1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ROBERT TREVINO,                    Case No.  2:23-cv-00235-KJM-JDP (PC)

12              Plaintiff,               ORDER FINDING THAT THE
                                         COMPLAINT FAILS TO STATE A
13         v.                            VIABLE CLAIM AGAINST ANY
                                         DEFENDANT AND GRANTING LEAVE
14    X. SHEEHAN, *et al*.,              TO AMEND

15              Defendants.              ECF No. 1

16

17

18

19

20

21         Plaintiff brings this section 1983 case against defendants Sheehan, Schneider, Hickey,

22    Comeau, Cano, and De La Cruz, all officials at various state prisons.  ECF No. 1 at 2.  He alleges

23    that these defendants have violated his First Amendment rights by retaliating against him for

24    filing a case in the Northern District of California.  *Id.* at 7.  Having reviewed the complaint, I

25    find that his allegations are insufficient to state a viable claim against any defendant.  I will allow

26    him leave to amend.

27

28

1

**Screening Order**

2

    **I.**        **Screening and Pleading Requirements**

3        A federal court must screen a prisoner's complaint that seeks relief against a governmental

4    entity, officer, or employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable

5    claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

6    claim upon which relief may be granted, or seeks monetary relief from a defendant who is

7    immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

8        A complaint must contain a short and plain statement that plaintiff is entitled to relief,

9    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

10    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

11    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

12    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

13    possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not

14    identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

15    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

16    give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264

17    n.2 (9th Cir. 2006) (en banc) (citations omitted).

18        The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

19    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

20    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

21    would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

22    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

23    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

24    1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

25

26

27

28

II.     **Analysis**

As noted above, plaintiff alleges that defendants retaliated against him for filing a prisoner civil rights case in the Northern District of California.  ECF No. 1 at 7.  Specifically, he alleges that defendant Sheehan retaliated against him by authoring a memorandum that falsely alleged that he attacked another inmate, thereby sabotaging his opportunity for parole.  *Id.* at 7-8.  Plaintiff claims that he informed defendants Cano and De La Cruz about the memorandum's falseness and that, based on information available to them, they knew he was telling the truth.  *Id.* at 8-9.  He fails, however, to allege any "connective tissue" that would link these adverse actions to the litigation he mentions.  There is, for instance, no allegation that any of the defendants knew or was affected by this litigation.  Nor is there enough information to infer that this adverse action was otherwise linked to the litigation.

These omissions necessarily doom plaintiff's claims against the other defendants, two of whom are parole commissioners who had no hand in authoring the memorandum.  *Id.* at 10.  The only allegation against them is that they failed to review information that would have confirmed that the memorandum was false.  *Id.*  This alone does not support an inference that they were retaliating against plaintiff because of his litigative activities.  And, with respect to defendant Comeau, plaintiff alleges only that he explained the retaliation to her and she did not take him seriously.  *Id.* at 11-12.  This alone is not indicative of any intent to retaliate on Comeau's behalf.  Moreover, based on the information in the complaint, it does not appear that Comeau is a state actor.  *Id.* at 2 (indicating that her title is "attorney at law" and listing an address not associated with an CDCR office or facility).

Plaintiff may file an amended complaint that addresses these deficiencies.  Plaintiff is advised that the amended complaint will supersede the current complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "First Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1.  Within thirty days from the service of this order, plaintiff may file an amended complaint.  If he does not, I will recommend this action be dismissed for failure to state a claim.

2.  The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    December 4, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE