UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>        Plaintiff,<br><br>    v.<br><br>X. SHEEHAN, *et al.*,<br><br>        Defendants. | Case No.  2:23-cv-00235-KJM-JDP (PC)<br><br>**ORDER**<br><br>FINDING THAT THE AMENDED COMPLAINT FAILS TO MEET FEDERAL PLEADING STANDARDS AND GRANTING LEAVE TO AMEND<br><br>ECF No. 16 |

Plaintiff brings this action against nine defendants, alleging that they violated his First and Fourth Amendment rights, as well as various state law provisions. ECF No. 16. The complaint, however, is difficult to understand and, for the reasons stated below, does not meet federal pleading standards. I will give plaintiff leave to amend to better articulate his claims.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

The length of plaintiff's complaint and its lack of organization make it difficult to understand the claims that he seeks to raise. As best I can tell, he begins by alleging that various defendants violated his procedural due process rights by failing to adhere to regulations in handling his administrative appeals. ECF No. 16 at 8-10. Prisoners, however, have no constitutional right to a particular grievance system. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").

Then, he claims that his due process rights were violated when he was denied parole under the "Elderly Parole Program." ECF No. 16 at 16. There is no constitutional right to parole, however. *See Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) ("There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."). And courts reviewing denial of parole in California have held that due process mandates only two things: an opportunity to be heard and a statement of reasons as to why parole was denied. *Andrews v. Martinez*, 829 F. App'x 814, 814 (9th Cir. 2020). I have done my best to review plaintiff's lengthy complaint, which runs to fifty-five pages, not including attached exhibits, and I cannot find any explicit allegation that these procedural safeguards were not met.

Finally, he appears to allege that the decision to deny him parole is some form of unconstitutional retaliation, but the specifics of this claim are difficult to understand. ECF No. 16 at 27-28.

At a more fundamental level, the complaint is non-complaint with Rule 8 insofar as it fails to provide a short and plain statement of plaintiff's claims. Rather than simply alleging how plaintiff was wronged and explaining how each named defendant was responsible, the complaint is interspersed with lengthy citations to case law that obscure rather than illuminate. Such citations should be saved for later motion practice; at this stage, plaintiff should endeavor to file a readable, easily understood complaint. Given that he is suing nine defendants, plaintiff should take pains to organize his claims such that, in a short span of pages, each defendant is apprised of

the claims against him or her.  Neither the defendants nor the court should be forced to scour a lengthy document in an attempt to uncover all possible claims.

Plaintiff may file an amended complaint that remedies these deficiencies.  He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc).  The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order.  If he fails to do so, I may recommend that this action be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:   May 16, 2024

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE