UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT TREVINO,

    Plaintiff,

v.

X. SHEEHAN, *et al.*,

    Defendants.

Case No. 2:23-cv-0235-DC-JDP (PC)

ORDER

    Plaintiff brings this action against nine defendants and alleges that they violated his constitutional rights by retaliating against him for filing lawsuits, resulting in a denial of elderly parole. The complaint, however, is flawed insofar as it contains multiple, unrelated claims against more than one defendant. I will give plaintiff a final opportunity to amend and remedy both this and the other deficiencies identified below. If he fails to do so, I will recommend that claims and defendants be dismissed so that only related claims remain.

**Screening Order**

**I.     Screening and Pleading Requirements**

    A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable

1  claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a
2  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
3  immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).
4        A complaint must contain a short and plain statement that plaintiff is entitled to relief,
5  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
6  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not
7  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
8  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
9  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
10 identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
11 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
12 give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
13 n.2 (9th Cir. 2006) (en banc) (citations omitted).
14       The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
15 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
16 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
17 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
18 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
19 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
20 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).
21     **II.**    **Analysis**
22       Plaintiff has filed a lengthy complaint that appears to raise two insufficiently related
23 claims. First, he broadly contends that the named, non-board of parole defendants retaliated
24 against him for filing other federal lawsuits. ECF No. 18 at 5. He claims that part of this
25 retaliation included the generation of a false report that was used to deny him elderly parole. *Id.*
26 Second, he alleges that parole board erred in failing either to investigate the memo's falsity or to
27 afford him an opportunity to defend himself against the false report. *Id.* at 8-9. These claims bear
28 some factual relation, but they are ultimately unsuited to litigation in the same action. The

retaliation claim involves different defendants and a separate, factual question: whether the defendants authored or ignored false allegations to retaliate against plaintiff for filing lawsuits. The claim against the board is, by contrast, a procedural one that focuses on whether the board fulfilled the requisite due process requirements in denying plaintiff parole. There is no practical overlap in these claims, and success in one has no bearing or relation on the other. Multiple, unrelated claims against more than one defendant belong in separate suits. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Additionally, a final opportunity to amend will permit plaintiff to bring his complaint into better compliance with Rule 8. As with his previous filing, the complaint is lengthy and includes unnecessary recitations of case law, arguments related to exhaustion, and summations of state court proceedings. This extraneous material renders it difficult for the reader to determine the exact scope and nature of claims against each defendant.

Plaintiff may file an amended complaint that remedies these deficiencies. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that only his retaliation claims proceed and that his claims related to denial of parole be dismissed without prejudice.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

IT IS SO ORDERED.

Dated:    February 10, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE