UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>X. SHEEHAN, *et al.*,<br><br>　　　　Defendants. | Case No.  2:23-cv-0235-DC-JDP (P)<br><br>ORDER |

Plaintiff, a prisoner proceeding *pro se*, has filed his third amended complaint. ECF No. 26. The complaint is, as discussed below, deficient because it fails to provide most of the named defendants sufficient notice of the claims against them as required by Rule 8 of the Federal Rules of Civil Procedure. I will dismiss plaintiff's complaint with leave to amend so that he may attempt to remedy its deficiencies. This will be his final opportunity to amend.

**Screening Order**

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a

1  claim upon which relief may be granted, or seeks monetary relief from a defendant who is
2  immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

3      A complaint must contain a short and plain statement that plaintiff is entitled to relief,
4  Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its
5  face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not
6  require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.
7  662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere
8  possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not
9  identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
10 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that
11 give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
12 n.2 (9th Cir. 2006) (en banc) (citations omitted).

13     The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404
14 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it
15 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
16 would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
17 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
18 of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
19 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

20 **Analysis**

21     Plaintiff's previous complaints suffered from a lack of clarity and organization, ECF No.
22 17 at 3, and the current one is no better.  As before, he is suing nine defendants, alleging a variety
23 of claims related to false memorandums that were authored against him and an eventual denial of
24 elderly parole.  The actual specifics of these claims are hidden amidst vague references,
25 unnecessary citations to case law, and incomplete references to state litigation and the internal
26 grievance process.  After reviewing the complaint, I find that it would be unreasonable to expect
27 any of the defendants to grasp the specifics of the claims against them.  As I suggested in a
28

previous screening order, plaintiff should organize his claims by defendant and, without citing case law or engaging in digressions, explain how each wronged him in simple terms.

I will dismiss plaintiff's complaint with leave to amend so that he may attempt to remedy these deficiencies. Plaintiff is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Fourth Amended Complaint" and refer to the appropriate case number. This will be plaintiff's final opportunity to amend.

Accordingly, it is ORDERED that:

1. Plaintiff's complaint, ECF No. 26, is DISMISSED with leave to amend.

2. Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   May 20, 2025                                   _____
                                                        JEREMY D. PETERSON
                                                        UNITED STATES MAGISTRATE JUDGE

3