UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TREVINO,<br><br>    Plaintiff,<br><br>    v.<br><br>X. SHEEHAN, *et al.*,<br><br>    Defendants. | Case No.  2:23-cv-0235-DC-JDP (P)<br><br>ORDER |

Plaintiff is a state inmate proceeding pro se in this closed 42 U.S.C. § 1983 civil rights action. On May 20, 2025, I screened plaintiff's third amended complaint and found that it did not state a claim. ECF No. 26. I ordered plaintiff to file either an amended complaint or a notice of voluntary dismissal without prejudice. *Id.* at 3. In response, on June 23, 2025, plaintiff filed a notice of voluntary dismissal, ECF No. 28, and the case was closed June 30, 2025, ECF No. 29.[1] On June 30, 2025, plaintiff filed another notice of voluntary dismissal. ECF No. 30.

---

[1] Plaintiff's notice also voluntarily dismissed another action, *Trevino v. Jimenez*, 2:21-cv-1415-DC-JDP. In his motion to reopen, plaintiff states that he believes this action should have been filed as a "supplemental complaint," to the other action. Plaintiff is notified that should he file an amended complaint in this case, the allegations must pertain to the allegations in the initial complaint. Should plaintiff wish to file a complaint about the May 31, 2025 assault or the allegations pertaining to the 2:21-cv-1415 case, he must do so in a new case.

1

1    Plaintiff now moves to reopen the case. ECF No. 31. Plaintiff acknowledges that he
2    voluntarily dismissed the case but explains that he did so because prison officials arraigned for
3    other inmates to assault him in retaliation for filing this lawsuit. *Id.* at 1. In relation to the
4    assault, on May 31, 2025, plaintiff was showering in A-section, and his personal belongings were
5    in the dayroom, in front of the shower. *Id.* at 2. The control booth officer Rouker asked plaintiff
6    if he wanted out of the shower so that he could watch his property. *Id.* Plaintiff claims that
7    Rouker knew plaintiff would be in danger if Rouker let him out of the shower to watch his
8    property. Plaintiff left the shower and was assaulted by other inmates. *Id.* Plaintiff believes that
9    after he was knocked out, Building A-1 staff dragged him into the A-section shower and placed
10   him in a wheelchair. *Id.* at 3. Plaintiff was then taken to medical where a nurse conducted an
11   incomplete evaluation. *Id.* Plaintiff argues that prison officials orchestrated the attack in
12   retaliation, causing him to dismiss this case. *Id.* Plaintiff has reconsidered the situation and has
13   now determined that he would like to pursue this action. *Id.* at 2.

14   Having considered plaintiff's argument, I find that this action should be reopened.
15   Accordingly, plaintiff may file an amended complaint within thirty days of this order's issuance.
16   Any amended complaint will supersede the current one. *See Lacey v. Maricopa Cnty.*, 693 F.3d
17   896, 907 n.1 (9th Cir. 2012) (en banc). This means that the amended complaint will need to be
18   complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once
19   an amended complaint is filed, the current one no longer serves any function. Therefore, in an
20   amended complaint, as in the original, plaintiff will need to assert each claim and allege each
21   defendant's involvement in sufficient detail. The amended complaint should be titled "Fourth
22   Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an
23   amended complaint, I will recommend that this action be dismissed.

24   Accordingly, it is hereby ORDERED that plaintiff's motion to reopen, ECF No. 31, is
25   GRANTED.

IT IS SO ORDERED.

Dated: ___October 21, 2025___

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE